UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALESA A CANTLEY, | ) |
|         Plaintiff, | ) |
| vs. | ) No. 1:13-cv-01296-TWP-MJD |
| INDIANA UNIVERSITY HEALTH, INC., | ) |
|         Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO SEAL**

This matter comes before the Court on Defendant's Motion to Seal. [Dkt. 63.] For the reasons set forth below, the court **GRANTS IN PART** and **DENIES IN PART** the motion.

### I. Background

Alesa Cantley ("Plaintiff") sued Indiana University Health, Inc. ("Defendant") for alleged violations of Title VII of the Civil Rights Act of 1964. [Dkt. 1 at 1.] Plaintiff alleges that despite her qualifications and repeated applications, Defendant never offered her interviews for potential promotions. [*Id.* at 2.] Plaintiff complained to Defendant that it had a pattern or practice of failing to promote people of Plaintiff's protected class. [*Id.* at 3.] Defendant allegedly responded to Plaintiff's complaint by disciplining her, suspending her, and terminating her employment. [*Id.* at 3-4.] Plaintiff filed this lawsuit on August 15, 2013, alleging, inter alia, race discrimination and retaliation. [*Id.* at 4-5.]

The Court entered an interim protective order on August 27, 2013. [Dkt. 8 at 9] The order allows the parties to designate information "confidential" if the information contains "protected trade secrets or confidential and non-public commercial, personal or medical information and such designation is necessary to protect the interests of the client." [*Id.* at 9-10.] If such

1

information is filed with the Court, the order states that papers containing the information "may be filed under seal to the extent permitted by law . . . and kept under seal until further order of the Court." [*Id.* at 12.] The party that produced the confidential information, however, must "file a motion to seal such documents within fourteen days of their filing with the Court. Contemporaneous with the filing of the motion to seal, the producing party shall also file a separate version of the document(s) sought to be sealed with the Confidential Information redacted therefrom for public consumption." [*Id.*]

Defendant moved for summary judgment on September 26, 2014. [Dkt. 53.] Plaintiff filed her response on October 24, 2014. [Dkt. 56.] Defendant contends that the response, [Dkt. 56], and Exhibit L in support of Plaintiff's response,[1] [Dkt. 57-12], contain confidential information that should be filed under seal. [Dkt. 63 at 3.] Defendant also contends that its reply in support of summary judgment, [Dkt. 60], and its Supplemental Declaration of Anne Riley, [Dkt. 62], contain confidential information that should be filed under seal. With its motion, Defendant included proposed redacted copies of Docket Nos. 56, 60, and 62. [*See* Dkts. 63-1, 63-2 & 63-3.]

## II. Discussion

Rule 26 contemplates filing under seal for "good cause." Fed. R. Civ. P. 26. "The determination of good cause cannot be elided by allowing the parties to seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The public "at large pays for the courts and therefore has an interest in what goes on at all

---

[1] Defendant's motion asks to seal "Exhibit K." [Dkt. 63 at 3.] Document 57-12, however, is Exhibit L, rather than K. Also, it is Exhibit L that contains a disciplinary file of one of Defendant's employees. The Court thus construes Defendant's motion as a request to seal Exhibit L, not Exhibit K as requested.

stages of a judicial proceeding." *Id.* Hence, the judge is "duty-bound" to "review any request to seal the record." *Id.*

When information is filed with a court, it may "influence or underpin the judicial decision" and is therefore "open to public inspection unless" the information "meets the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). A motion asking to seal such information has "no prospect of success" unless it analyzes "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 548. General assertions that the information is "commercial" or otherwise sensitive will not suffice. *Id.* at 546.

Defendant contends that each of the documents at issue contains confidential information concerning Defendant's discipline of its employees. Document 56, Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, contains accounts of the discipline of three employees who are not parties to this lawsuit. [Dkt. 56 at 10-11, 26-28.] Defendant's proposed redactions remove only this information. [*See* Dkt. 63-1 at 10-11, 26-28.]

As Defendant notes, "[c]ourts have previously honored requests to seal information produced under a protective order when it concerns non-parties, including personnel information, such as job performance and evaluations." [Dkt. 63 at 3.] In *Perry v. Bath & Body Works, LLC*, for instance, the court stated that it was "[m]indful of the Seventh Circuit Court of Appeals' firm position regarding requests to seal documents from the public record," but nonetheless sealed the "disciplinary records" of "a nonparty." 993 F. Supp. 2d 883, 889 (N.D. Ind. 2014). Likewise, in *Stevens v. General Electric Consumer & Industries*, the court noted that it would maintain a brief in support of summary judgment under seal because it contained "the names of certain current

3

and former GE employees" and "confidential information about them (such as job performance evaluations)." No. 1:06-CV-215, 2008 WL 506058, at *1 (N.D. Ind. Feb. 19, 2008).

Finally, in *Little v. Mitsubishi Motor Manufacturing of America., Inc.*, the court determined that it would "protect . . . from public disclosure" the portions of "[Defendant's] motion for summary judgment and attached exhibits" that revealed "private information regarding the personnel files of nonparty employees." No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006). Indeed, that court observed that "[s]uch information is often construed by courts to fall within the realm of 'other facts that should be held in confidence'—at least as it applies to nonparty employees. *Id.* at *3 (citing *Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at *3 (N.D. Ill. Oct. 31, 2005)).

These cases thus establish that the disciplinary records of nonparties are often subject to seal. Notably, these cases limit the breadth of such a seal: In *Little*, for instance, the Court rejected Defendant's attempt to "file under seal and away from the public's view its entire motion for summary judgment along with 79 voluminous exhibits." *Id.* at *4. In the present case, however, Defendant has redacted from Docket No. 56 only the specific references to individual nonparties' disciplinary records. [*See* Dkt. 63-1 at 10-11, 26-28.] The Court thus **GRANTS** Defendant's motion to seal Docket No. 56.

Document 57-12, Exhibit L to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, contains "a complete copy of [a nonparty's] disciplinary file." [Dkt. 63 at 3.] This document thus contains confidential nonparty information, and the Court accordingly directs the Clerk to seal Document 57-12.

Defendant, however, has not included a redacted copy of Exhibit L, and thus apparently asks to keep the entire document sealed. This goes too far. In *Perry*, for instance, the plaintiff

4

asked to seal certain documents related to nonparties, but the Court observed that citing portions of the documents would be "necessary for the Court's analysis." *Perry*, 993 F. Supp. 2d at 890. The Court thus ordered Plaintiff to file a redacted version excising only the names of the nonparties and leaving the rest of the document available for public view. *Id.*

This approach is consistent with that taken by other courts: In *Smith*, the court considered records related to nonparties' "overtime/supplemental pay information." *Smith*, 2005 WL 3215572, at *3. This information was important to the court's analysis and hence "important to the public's review of the case." *Id.* The court therefore determined that if "the actual documents need to be filed with the court, non-parties' names and identifying factors shall be redacted," but the court directed that other information remain publicly available. *Id.* In *Little*, meanwhile, the court noted that the Seventh Circuit has approved filing parallel versions of briefs—"one full version containing all details, and another redacted version with confidential information omitted." *Little*, 2006 WL 1554317, at *4 (quoting *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006)). It accordingly ordered a party to redact identifying information from briefs and exhibits and publicly file these redacted copies. *Id.*

This case presents a situation similar to those in *Perry*, *Smith*, and *Little*. Plaintiff argues in her response to Defendant's motion for summary judgment that the nonparty's disciplinary record in Exhibit L helps establish disparate treatment and retaliation against Plaintiff. [Dkt. 56 at 28.] These records will thus be involved in the Court's analysis: that is, they will "influence or underpin the judicial decision," and are presumptively open to public inspection. *Baxter*, 297 F.3d 545. The Court thus **ORDERS** Defendant to file, within seven (7) days of the date of this order, a redacted version of Exhibit L from which only the identifying information of any

nonparty employees has been removed. Failure to file such a redacted copy will result in the unsealing of Document 57-12.

Defendant next contends that Document 60, Defendant's Reply in Support of Its Motion for Summary Judgment, contains information on "the confidential disciplines of a nonparty employee." [Dkt. 63 at 3.] The Court has reviewed this document and agrees with Defendant's assertion. [*See* Dkt. 60 at 9-10, 17.] The Court also notes that Defendant's proposed redacted copy of this brief excises only the information specifically related to the discipline of the nonparty. [*See* Dkt 63-2 at 9-10, 17.] Defendant's proposed redactions thus comport with the procedures outlined above in cases such as *Perry*, *Smith*, and *Little*. The Court therefore **GRANTS** Defendant's motion to maintain Docket No. 60 under seal.

Defendant finally asserts that Document 62, the Supplemental Declaration of Anne Riley, also "contains disciplines of a nonparty employee." [Dkt. 63 at 3.] The Court has reviewed this document and agrees that it contains such information. [*See* Dkt. 62 at 2, 5, 7.] As with Exhibit L, however, Defendant's proposed redactions go beyond those necessary to protect the identity of the nonparty employee, particularly at pages five and seven of the declaration. [*See* Dkt. 63-3 at 5, 7.] The Court will therefore maintain Document 62 under seal, but the Court **ORDERS** Defendant to publicly file, within seven (7) days of the date of this order, a copy of Document No. 62 from which only the information identifying any nonparty employees has been redacted. Failure to file such a redacted copy will result in the unsealing of Document 62.

### III. Conclusion

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Seal. [Dkt. 63.] The Clerk is directed to seal Docket Nos. 56 and 57-12, and to maintain under seal Docket Nos. 60 and 62. Defendant is **ORDERED** to publicly file

properly redacted versions of Docket Nos. 57-12 and 62 within seven (7) days of the date of this order.

Date: 11/21/2014

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Jason Porter Cleveland
JOHN H. HASKIN & ASSOCIATES
jcleveland@jhaskinlaw.com

John H. Haskin
JOHN H. HASKIN & ASSOCIATES
jhaskin@jhaskinlaw.com

Bonnie L. Martin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
bonnie.martin@odnss.com

Dorothy D. Parson
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
dorothy.parson@odnss.com